# EXHIBIT A

**Elizabeth Denson and Kristopher Antle, *et al.* v. Elephant Insurance Services, LLC**

SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Elizabeth Denson and Kristopher Antle ("Named Plaintiffs") and all individuals who execute and return Schedule A to this Agreement ("Settlement Opt-In Plaintiffs") (collectively, "Plaintiffs"), and Elephant Insurance Service, LLC ("Defendant"). This Agreement is subject to approval of the Court pursuant to 29 U.S.C. § 216(c) and is made for the sole purpose of attempting to consummate settlement of this lawsuit on a collective basis subject to the following terms and conditions.

WHEREAS, on January 13, 2022 Plaintiffs filed a lawsuit, individually and on behalf of others similarly situated, against Defendant in the United States District Court for the Eastern District of Virginia, Case No. 3:22-cv-00022 ("Lawsuit"), styled as a hybrid class and collective action which sought relief for alleged unpaid regular and overtime wages pursuant to Va. Code § 40.1-29, 40.1-29.2 (collectively, "Virginia Laws"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA"); and

WHEREAS, Plaintiffs, have signed this Agreement and Release; and

WHEREAS, Defendant has denied, and continues to deny, each and all of the claims and contentions alleged in the Lawsuit, and any and all allegations of wrongdoing, fault, liability, or damage of any kind. Defendant has also considered the risks and potential costs of continued litigation of the Lawsuit, on the one hand, and the benefits of the proposed settlement on the other hand, and desires to settle the Lawsuit upon the terms and conditions set forth in this Agreement. Defendant has agreed to collective action treatment of the claims alleged in the Lawsuit solely for the purpose of settling these claims as set forth herein; and

WHEREAS, all parties to this Agreement ("Parties") wish to resolve, fully and finally, the differences between them, without further litigation;

NOW, THEREFORE, it is agreed as follows, in exchange for the good and valuable consideration set forth herein:

1. Approval: The Parties agree to jointly request Court approval of the settlement described in this Agreement. The Parties consent to the jurisdiction of any Eastern District of Virginia United States Judge for the purposes of review and approval of this settlement and for entry of appropriate orders in furtherance of this Agreement, including, but not limited to, entry(ies) of dismissal of the pending Lawsuit. The Parties anticipate that Court approval will occur in the near future.

2. Denial of Liability: Defendant expressly denies any liability to any Plaintiff or any of the 98 eligible individuals identified by Defendant in the Parties' settlement discussions ("Settlement Collective") on any basis. Neither the fact that this Agreement has been entered into, nor that a monetary payment of any amount is

made shall be construed as any type of admission of liability or wrongdoing by Defendant.

3. <u>Effective Date</u>: The "Effective Date" of this Agreement shall be the date when all of the following events have occurred: (a) this Agreement has been executed by all Parties, Plaintiffs' counsel, and Defendant's counsel; (b) notice has been given as provided in this Agreement; and (c) the Court has entered a final order and judgment certifying the Settlement Collective and approving this settlement.

4. <u>Settlement Payment</u>: **The total maximum settlement payment is the gross amount of One Hundred Forty-Eight Thousand and 00/100 ($148,000.00) dollars, which shall be paid as described below, and which represents adequate consideration in full and final settlement of the claims released herein, including Plaintiffs' counsel's fees and expenses, Named Plaintiffs' service awards, and aggregate individual settlement payments to Settlement Opt-In Plaintiffs.**

   (a) Within 10 days of approval of this settlement, Plaintiffs' counsel will cause to be emailed, mailed, and/or text messaged copies of this Agreement, the settlement notice, and individualized releases to the Settlement Collective. Defendant will provide the aforementioned contact information for each member of the Settlement Collective as soon as is reasonably practicable following the execution of this Agreement. Within 90 days after the individual settlement amount is mailed to Plaintiffs, Plaintiffs' counsel shall destroy or return to counsel for Defendant all Settlement Collective contact information, except as required by law.

   (b) The total maximum amount to be paid to the Settlement Collective will be Ninety-Six Thousand Two Hundred and 00/100 ($96,200.00) dollars. Prior to the approval hearing, Plaintiffs' counsel will provide Defendant with a spreadsheet or file substantially similar to Schedule B detailing the allocations each member of the Settlement Collective is eligible to receive. Said allocations will be determined on a strict *pro rata* basis based upon tenure and average hourly salary within the relevant time period. The only two variances to the *pro rata* distribution will be:

   1) service awards in the amount of One Thousand and 00/100 ($1,000.00) dollars each to be paid to the Named Plaintiffs in recognition of their role in initiating this Lawsuit. Any service award approved by the Court shall be paid to Named Plaintiffs and shall be in addition to any distribution to which Named Plaintiffs may otherwise be entitled as members of the Settlement Collective. Such service awards shall not be considered wages, and Defendant shall issue Named Plaintiffs a Form 1099 (Box 3) reflecting such payment. Each Named Plaintiff shall be responsible for the payment of any and all employee/recipient-side taxes with respect to his/her service award and shall hold Defendant harmless from any and all liability with regard thereto; and

    2) minimum payments of One Hundred and 00/100 ($100.00) dollars to those members of the Settlement Collective whose allocations were otherwise less than that amount.

(c) Members of the Settlement Collective who wish to accept and be bound by this Agreement in consideration for receipt of his/her individual settlement payment must sign and return Schedule A by mail, email, or fax to Plaintiffs' counsel within 30 days from the date of mailing of the settlement notice. The conclusion of this 30-day period shall be referred to as the "Acceptance Deadline." Defendant, may, in its sole discretion choose to honor and give full effect to acceptances received after the Acceptance Deadline.

(d) Within 15 business days following the Acceptance Deadline, Defendant or its counsel shall cause to be delivered individual settlement payment checks directly to each Settlement Opt-In Plaintiff at their last known address or the addresses requested by Plaintiffs through counsel. Defendant may also deliver checks by hand or via direct deposit should doing so be convenient.

(e) Each individual settlement payment check issued by Defendant must be cashed or deposited no later than 180 days after the date of the check. Any individual settlement payment check not negotiated within that time or averred by its intended recipient to have not been received, shall be canceled and reissued upon request of Plaintiffs' counsel.

(f) Each individual settlement payment check shall be made payable to an individual Settlement Opt-In Plaintiff, in the amount shown in Schedules A and B, attached hereto, less all usual and required tax withholdings, which Defendant shall use the most recent tax documents on file to determine. Defendant shall issue a form W-2 to each Settlement Opt-In Plaintiff in an amount equal to one-half of each Settlement Opt-In Plaintiff's total payment and shall issue a Form 1099, with the non-wage income selection checked (Box 3), in an amount equal to one-half of each Settlement Opt-In Plaintiff's total payment (give or take a one cent if a gross total is an odd number). Each Settlement Opt-In Plaintiff shall be responsible for the payment of any and all employee/recipient-side taxes with respect to his or her individual settlement payment. Defendant shall have no responsibility for deciding the validity of the individual settlement payment or any other payments made pursuant to this settlement, shall not be liable under any circumstances for any errors in the decision of any claims, shall have no involvement in or responsibility for the determination or payment of employee/recipient-side taxes and required withholdings (aside from its aforementioned use of most recent tax documents in association with W-2 portions), if any, and shall have no liability for any errors made with respect to the calculation of any individual settlement payments. Settlement Opt-In Plaintiffs represent and understand that they shall be solely responsible for any and all employee/recipient-side tax obligations associated with their respective individual settlement payments.

(g) Contemporaneous to the issuance of individual settlement payment checks to Plaintiffs, Defendant or its counsel shall issue a separate check to Plaintiffs' counsel, in the amount of Fifty-One Thousand Eight Hundred and 00/100 ($51,800.00) dollars in full satisfaction of all claims for Plaintiffs' attorneys' fees and litigation/administrative costs. The check shall be made payable to the following:

> Butler Curwood, PLC
> 140 Virginia Street, Suite 302
> Richmond, Virginia 23219

Plaintiffs' counsel shall provide an IRS Form W-9 for the payee law firm above, and Defendant shall issue a 1099 tax form with respect to such payment.

(j) The Parties agree that they will work together as necessary to extend any of the dates listed in this agreement to the extent doing so will help to facilitate an orderly settlement and resolution of this matter.

5. <u>Co-Plaintiff Settlement Amounts</u>: Neither Defendant, nor counsel for either party, shall inform any member of the Settlement Collective of the specific settlement allocations to any other member of the Settlement Collective, except to the extent such allocations are made public. Thus, Settlement Collective members shall not be shown Schedule B. Rather, each individual member of the Settlement Collective will be made aware of only his or her individual settlement amount. Each Settlement Collective member's individual settlement amount will be provided to him/her in a form substantially similar to the form attached hereto as Schedule A.

6. <u>Reversion of Amounts Due to Non-Accepting Plaintiffs</u>: The amounts allocable to any Settlement Collective members who do not sign this Agreement by the Acceptance Deadline (or any late acceptances that are rejected by Defendant) shall revert to Defendant and the claims of such individuals shall not be released.

7. <u>Dismissal of the Lawsuit</u>: Within five (5) business days after the dissemination of settlement checks, Plaintiffs' counsel shall take any additional necessary steps to dismiss the Lawsuit and to specifically dismiss with prejudice all claims of Plaintiffs.

8. <u>Release</u>: From January 13, 2019 through the Effective Date of this Agreement, Plaintiffs shall, jointly and severally, knowingly and voluntarily release and forever discharge Defendant, of and from any all known or unknown, asserted or unasserted claims, causes of action, liability, and damages arising out of or relating payment or non-payment of overtime or regular wages by Defendant due under any federal or state wage and hour law. By signing the Settlement Allocation and Settlement Execution Form in Schedule A, Plaintiffs are waiving any such claims that they, or any one of them, have/has or may have against Defendant and each of its directors, members, officers, employees, attorneys, insurers, legal successors and assigns, affiliates, subsidiaries, divisions, predecessors, insurers, and all other related or affiliated persons, firms or entities ("Defendant Releasees"). Plaintiffs forever agree that they, and each of them, shall not institute, nor accept any other relief from, any other suit, class or collective action, administrative

claim or other claim of any sort or nature whatsoever, except where prohibited by law, against Defendant Releasees related to the released claims in this Agreement through the Effective Date.

9. <u>Signatures and Counterparts</u>: Facsimile or emailed signatures shall have the same power and effect as original signatures with regard this Agreement and the Settlement Allocation and Settlement Execution Form in Schedule A. This Agreement may be executed independently and separately (i.e. in counterparts) by the respective Parties. If executed in counterparts, each counterpart shall be deemed to be an original, and said counterparts together shall constitute one and the same Agreement.

10. <u>Governing Law</u>: This Agreement shall be governed by the laws of the Commonwealth of Virginia without regard to choice of law principles. The Parties agree that any action to enforce this Agreement shall be brought in an appropriate Federal court located in Richmond, Virginia, and specifically agree to jurisdiction of such court and venue in such court.

11. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement between Plaintiffs and Defendant with respect to the resolution of the Lawsuit, and specifically supersedes any previous agreements or representation between the Parties. This Agreement shall inure to the benefit of any successor to Defendant, or in the event of any Plaintiff's death, to his/her estate.

12. <u>Compromise of Disputed Claim and Bar upon Use in Subsequent Proceedings</u>: The Parties hereto agree that the present Agreement constitutes the compromise and settlement of disputed claims, and that Defendant has denied and continues to deny any and all liability to all Plaintiffs and the Settlement Collective, including any Plaintiffs' claimed entitlement to liquidated damages or to an extended statute of limitations. This Agreement and any conduct and statements made in compromise negotiations between the parties shall be inadmissible in any further proceeding save for a proceeding over the alleged breach of the present Agreement.

13. <u>Enforcement</u>: The Parties agree that pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), the Court reserves jurisdiction over this matter for the purposes of settlement enforcement.

APPROVED AS TO FORM FOR RECOMMENDATION TO PLAINTIFFS AND FOR COURT APPROVAL:

Date: 5/31/22                                               *Zev Antell*
                                                            _____
                                                            Craig J. Curwood
                                                            Zev H. Antell
                                                            Butler Curwood, PLC
                                                            140 Virginia Street, Suite 302
                                                            Richmond, Virginia 23219


APPROVED AS TO FORM FOR RECOMMENDATION TO DEFENDANT AND FOR COURT APPROVAL:

Date: 6/2/2022                                              *Lindsey Strachan*
                                                            _____
                                                            Steven D. Brown (VSB No. 42511)
                                                            Lindsey A. Strachan (VSB No. 84506)
                                                            Whitney E. Nelson (VSB No. 95911)
                                                            Isler Dare P.C.
                                                            1111 East Main Street, Suite 1605
                                                            Richmond, Virginia 23219

NAMED PLAINTIFFS:

Date: 5/28/2022

ELIZABETH DENSON

*[signature: Elizabeth A Denson]*

Date: 05/28/22

KRISTOPHER ANTLE

*[signature]*

FOR DEFENDANT:

Date: 6/2/22                                          Elephant Insurance Services, LLC

By: _____

Its: ___Corporate Secretary_____

# SCHEDULE A

## Settlement Allocation and Settlement Execution of [John Doe]

The allocation formula is as follows:

Each Plaintiff is entitled to a proportionate share of $96,200.00. Such amount is exclusive of the attorneys' fees referenced in Section 4(g) of the Settlement Agreement. Plaintiffs' individual *pro rata* shares are a minimum of $100.00. In recognition of their assistance to all Plaintiffs, service awards of $1,000.00 each have been allocated to Elizabeth Denson and Kristopher Antle. Aside from the service awards and minimum shares, all Plaintiffs' individual allocations are otherwise calculated on a *pro rata* basis based upon each Plaintiffs' tenure and average salary during the relevant time period. The maximum relevant time period began on January 13, 2019 and concludes May 20, 2022.

| # | LAST NAME | FIRST NAME | W-2 | 1099 | Total Gross Allocation |
|---|---|---|---|---|---|
| 1 | | | $ | $ | $ |

BY MY SIGNATURE BELOW, I REPRESENT THAT I UNDERSTAND THE TERMS OF THIS AGREEMENT; I HAVE BEEN ASSISTED BY COUNSEL IN THE NEGOTIATION OF THIS AGREEMENT; AND I ACCEPT AND AGREE TO ALL TERMS SET FORTH HEREIN:

Date: _____

_____
Signature of Plaintiff

_____
Printed Name

## SCHEDULE B

The allocation formula is as follows:

    Each Plaintiff is entitled to a proportionate share of $96,200.00. Such amount is exclusive of the attorneys' fees referenced in Section 4(g) of the Settlement Agreement. Plaintiffs' individual *pro rata* shares are a minimum of $100.00. In recognition of their assistance to all Plaintiffs, service awards of $1,000.00 each have been allocated to Elizabeth Denson and Kristopher Antle. Aside from the service awards and minimum shares, all Plaintiffs' individual allocations are otherwise calculated on a *pro rata* basis based upon each Plaintiffs' tenure and average salary during the relevant time period. The maximum relevant time period began on January 13, 2019 and concludes May 20, 2022.

|    | Employee | Gross Total | W2 | 1099 |
|----|----------|-------------|-----|------|
| 1  | Norma Miller | $ 2,792.36 | $ 1,396.18 | $ 1,396.18 |
| 2  | Margarita Garcia | $ 2,618.60 | $ 1,309.30 | $ 1,309.30 |
| 3  | Hugo Rodriguez | $ 2,546.07 | $ 1,273.03 | $ 1,273.03 |
| 4  | Katelyn Johnson | $ 2,595.93 | $ 1,297.96 | $ 1,297.96 |
| 5  | Katelyn Scott | $ 2,561.18 | $ 1,280.59 | $ 1,280.59 |
| 6  | Derrick George | $ 2,642.77 | $ 1,321.39 | $ 1,321.39 |
| 7  | Edward Reid | $ 2,765.16 | $ 1,382.58 | $ 1,382.58 |
| 8  | John Mungin | $ 2,719.83 | $ 1,359.92 | $ 1,359.92 |
| 9  | John Thesing | $ 2,608.02 | $ 1,304.01 | $ 1,304.01 |
| 10 | Johnathan Sykes | $ 3,088.52 | $ 1,544.26 | $ 1,544.26 |
| 11 | Jonathan Simpson | $ 2,639.75 | $ 1,319.87 | $ 1,319.87 |
| 12 | Michael Ward | $ 2,061.47 | $ 1,030.73 | $ 1,030.73 |
| 13 | Kathryn Simon | $ 2,739.48 | $ 1,369.74 | $ 1,369.74 |
| 14 | Robert Altier | $ 2,158.16 | $ 1,079.08 | $ 1,079.08 |
| 15 | Joanne Schweikert | $ 1,643.61 | $ 821.80 | $ 821.80 |
| 16 | Amy Figg | $ 1,508.05 | $ 754.02 | $ 754.02 |
| 17 | Elizabeth Denson | $ 3,140.06 | $ 1,070.03 | $ 2,070.03 |
| 18 | Milagros Trezza | $ 1,329.38 | $ 664.69 | $ 664.69 |
| 19 | Alex Bloom | $ 1,298.82 | $ 649.41 | $ 649.41 |
| 20 | Johnny Stone | $ 1,084.38 | $ 542.19 | $ 542.19 |
| 21 | Will Roberson | $ 1,039.38 | $ 519.69 | $ 519.69 |
| 22 | Timothy Barlow | $ 1,122.59 | $ 561.29 | $ 561.29 |
| 23 | Kelsey Swann | $ 100.00 | $ 50.00 | $ 50.00 |

| # | Name | | | | | | |
|---|---|---|---|---|---|---|---|
| 24 | Venus James | $ | 2,017.29 | $ | 1,008.65 | $ | 1,008.65 |
| 25 | Katherine Roy | $ | 1,341.54 | $ | 670.77 | $ | 670.77 |
| 26 | Kristen Heiderman | $ | 862.74 | $ | 431.37 | $ | 431.37 |
| 27 | Mary Robertson | $ | 917.84 | $ | 458.92 | $ | 458.92 |
| 28 | Ryan Wicks | $ | 870.87 | $ | 435.43 | $ | 435.43 |
| 29 | Shaketa Martin | $ | 2,028.70 | $ | 1,014.35 | $ | 1,014.35 |
| 30 | Cayman Bowles | $ | 2,011.75 | $ | 1,005.88 | $ | 1,005.88 |
| 31 | Nicole Dulak | $ | 1,411.11 | $ | 705.56 | $ | 705.56 |
| 32 | Mayela Mcclean Haughton | $ | 2,072.79 | $ | 1,036.40 | $ | 1,036.40 |
| 33 | Monte Ellis | $ | 822.75 | $ | 411.37 | $ | 411.37 |
| 34 | Scott Paterson | $ | 829.15 | $ | 414.57 | $ | 414.57 |
| 35 | Scott Shelor | $ | 138.05 | $ | 69.03 | $ | 69.03 |
| 36 | Isaiah Robertson | $ | 787.86 | $ | 393.93 | $ | 393.93 |
| 37 | Laura Siegfried | $ | 1,117.60 | $ | 558.80 | $ | 558.80 |
| 38 | Chelsea Seibert | $ | 697.46 | $ | 348.73 | $ | 348.73 |
| 39 | Daija Melvin | $ | 627.79 | $ | 313.90 | $ | 313.90 |
| 40 | Aaron Thackery | $ | 1,072.10 | $ | 536.05 | $ | 536.05 |
| 41 | Dillon Burnette | $ | 1,224.51 | $ | 612.25 | $ | 612.25 |
| 42 | Kristopher Antle | $ | 1,987.23 | $ | 493.62 | $ | 1,493.61 |
| 43 | Betty Tillman | $ | 631.06 | $ | 315.53 | $ | 315.53 |
| 44 | Jason Bass | $ | 1,591.25 | $ | 795.63 | $ | 795.63 |
| 45 | Louis Ferrell | $ | 561.39 | $ | 280.69 | $ | 280.69 |
| 46 | Justin Parker | $ | 653.15 | $ | 326.57 | $ | 326.57 |
| 47 | Chris Adams | $ | 378.83 | $ | 189.42 | $ | 189.42 |
| 48 | Teara Walters | $ | 378.83 | $ | 189.42 | $ | 189.42 |
| 49 | Scherreda Downey | $ | 310.10 | $ | 155.05 | $ | 155.05 |
| 50 | Chelle Shelton | $ | 330.34 | $ | 165.17 | $ | 165.17 |
| 51 | Eric Thompson | $ | 315.67 | $ | 157.83 | $ | 157.83 |
| 52 | June Shelton | $ | 329.20 | $ | 164.60 | $ | 164.60 |
| 53 | Jason Stafflinger | $ | 271.10 | $ | 135.55 | $ | 135.55 |
| 54 | Drew Henderson | $ | 433.46 | $ | 216.73 | $ | 216.73 |
| 55 | Donovan Gipson | $ | 1,345.68 | $ | 672.84 | $ | 672.84 |
| 56 | Manju Mallin | $ | 1,242.93 | $ | 621.47 | $ | 621.47 |
| 57 | Alexa Yakabouski | $ | 1,304.25 | $ | 652.13 | $ | 652.13 |
| 58 | Thomas Somerville | $ | 580.55 | $ | 290.28 | $ | 290.28 |

| # | Name | | | |
|---|---|---|---|---|
| 59 | Timothy Hanssen | $ 196.01 | $ 98.01 | $ 98.01 |
| 60 | Austin Dillingham | $ 131.01 | $ 65.50 | $ 65.50 |
| 61 | Dylan Hausenfleck | $ 123.00 | $ 61.50 | $ 61.50 |
| 62 | Sherry Goodson | $ 127.29 | $ 63.65 | $ 63.65 |
| 63 | Bill Hummel | $ 1,257.85 | $ 628.92 | $ 628.92 |
| 64 | Natalia Israel | $ 767.46 | $ 383.73 | $ 383.73 |
| 65 | Amanda O'Donnell-Didlake | $ 572.95 | $ 286.48 | $ 286.48 |
| 66 | Cameron Hynes | $ 618.86 | $ 309.43 | $ 309.43 |
| 67 | Vanessa Harrell | $ 100.00 | $ 50.00 | $ 50.00 |
| 68 | Jennifer Askew | $ 681.00 | $ 340.50 | $ 340.50 |
| 69 | David Slaughter | $ 100.00 | $ 50.00 | $ 50.00 |
| 70 | Dwiesha Blackstone | $ 100.00 | $ 50.00 | $ 50.00 |
| 71 | Isabelle Duval | $ 454.26 | $ 227.13 | $ 227.13 |
| 72 | Sam Courts | $ 332.49 | $ 166.25 | $ 166.25 |
| 73 | Christine Ciancio | $ 626.75 | $ 313.37 | $ 313.37 |
| 74 | Brennon Coleman | $ 932.04 | $ 466.02 | $ 466.02 |
| 75 | Catina Samuels | $ 526.89 | $ 263.44 | $ 263.44 |
| 76 | Karen Haskins | $ 626.75 | $ 313.37 | $ 313.37 |
| 77 | Caroline Whisnant | $ 148.40 | $ 74.20 | $ 74.20 |
| 78 | Alexandria Price | $ 533.12 | $ 266.56 | $ 266.56 |
| 79 | Jarrod Barr-Broadway | $ 303.39 | $ 151.69 | $ 151.69 |
| 80 | Brandon Zintner | $ 271.82 | $ 135.91 | $ 135.91 |
| 81 | Maurice Cole | $ 100.00 | $ 50.00 | $ 50.00 |
| 82 | Ryan Vanover | $ 233.96 | $ 116.98 | $ 116.98 |
| 83 | Crystal Watson | $ 100.00 | $ 50.00 | $ 50.00 |
| 84 | DarVonte Harris | $ 100.00 | $ 50.00 | $ 50.00 |
| 85 | Stephanie Jiggetts | $ 100.00 | $ 50.00 | $ 50.00 |
| 86 | Tyler Jackson | $ 114.89 | $ 57.45 | $ 57.45 |
| 87 | Malik Rogers | $ 102.71 | $ 51.36 | $ 51.36 |
| 88 | Ashley Edwards | $ 100.00 | $ 50.00 | $ 50.00 |
| 89 | James Frazier | $ 100.00 | $ 50.00 | $ 50.00 |
| 90 | John Price | $ 100.00 | $ 50.00 | $ 50.00 |
| 91 | Darryll Hill | $ 100.00 | $ 50.00 | $ 50.00 |
| 92 | Talal Ansar | $ 585.85 | $ 292.93 | $ 292.93 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 93 | Teiler Robinson | $ | 585.85 | $ | 292.93 | $ | 292.93 |
| 94 | Tiffany Nash | $ | 585.85 | $ | 292.93 | $ | 292.93 |
| 95 | Dale Crook | $ | 585.85 | $ | 292.93 | $ | 292.93 |
| 96 | Vaughn Martin | $ | 303.39 | $ | 151.69 | $ | 151.69 |
| 97 | Natasha Henry | $ | 226.35 | $ | 113.18 | $ | 113.18 |
| 98 | Corliss Hamilton | $ | 243.47 | $ | 121.74 | $ | 121.74 |
| | | | | | | | |
| | | | | $ | 47,100.00 | $ | 49,099.99 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 93 | Teiler Robinson | $ | 585.85 | $ | 292.93 | $ | 292.93 |
| 94 | Tiffany Nash | $ | 585.85 | $ | 292.93 | $ | 292.93 |
| 95 | Dale Crook | $ | 585.85 | $ | 292.93 | $ | 292.93 |
| 96 | Vaughn Martin | $ | 303.39 | $ | 151.69 | $ | 151.69 |
| 97 | Natasha Henry | $ | 226.35 | $ | 113.18 | $ | 113.18 |
| 98 | Corliss Hamilton | $ | 243.47 | $ | 121.74 | $ | 121.74 |
| | | | | $ 47,100.00 | | $ 49,099.99 | |

**NOTICE OF YOUR RIGHT TO PARTICIPATE IN SETTLEMENT TO RECOVER REGULAR AND OVERTIME WAGES FROM ELEPHANT INSURANCE SERVICES, LLC**

TO:   Eligible Current and Former Elephant Sales Agents

DATE: [XXXXXXXXX]

On January 13, 2022 litigation was initiated by Elizabeth Denson and Kristopher Antle ("Plaintiffs"), on behalf of themselves and others, in the United States District Court for the Eastern District of Virginia against Elephant Insurance Services, LLC ("Elephant") regarding claims of unpaid working time related to sales agents' pre shift log in and application start up time.  Elephant denies the allegations and asserts, among other defenses, that Plaintiffs and all others were properly paid for all time.  The parties in the lawsuit have since reached a resolution, and the Court has approved the terms of the settlement and has approved, for settlement purposes, distribution of this notice to all hourly call center sales agents who were employed by Elephant between January 13, 2019 and May 20, 2022.  The Court has not decided whether Elephant has violated federal or Virginia law, and this notice does not imply in any way the Court's endorsement of Plaintiffs' claims.

**Pursuant to the Agreement, you are eligible to recover the amount provided for in your individualized "SCHEDULE A" Document provided herein.**  The purpose of this notice is to inform you about the settlement and to discuss your rights and options with respect to the lawsuit and the settlement.  In order to participate in the settlement you will need to review the enclosed settlement agreement and if you agree to the release included in the agreement simply sign and return your **SCHEDULE A** document **by [XXXXXX], 2022** and mail, email, or fax a copy to the firm listed below:

> **Craig J. Curwood**
> **Zev H. Antell**
> **Butler Curwood, PLC**
> **140 Virginia Street, Ste. 302**
> **Richmond, Virginia 23219**
> **Telephone: (804) 648-4848**
> **Facsimile: (804) 237-0413**
> **craig@butlercurwood.com**
> **zev@butlercurwood.com**

Each eligible sales agent has a unique allocation according to his/her length of employment and average salary within the relevant time period. **By signing and returning your SCHEDULE A by [XXXXXXX] you will be agreeing to release any currently actionable state and federal wage & hour claims.**

If you do not wish to participate in the settlement, do not sign and return your Schedule A. Those who do not sign their Schedule A will not be bound by the settlement, will not release any claims, and will not receive any payment from this settlement.

  Given the current timetable we would expect payments to be made by Elephant to all those who elect to participate in the Settlement on or around [XXXXX].

  This settlement is the result of arms-length negotiations between Plaintiffs and Elephant and their respective attorneys.  Both sides agree that this settlement is fair and appropriate under the circumstances.

  If you have any questions, please feel free to contact any of the attorneys listed above. Additionally, if your address changes, or is different from the one on the envelope enclosing this notice, please promptly notice the counsel listed above.